Peter Strojnik
7847 North Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Peter Strojnik,

        Plaintiff,

vs.

Ross Stores, Inc.

        Defendant.

Case No.: 1:22-CV-00533 DAD-BAK

**Verified Complaint**

(1) Seeking Declaration that California's Unruh Civil Rights Act's "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals]" are preempted by the ADA; and

(2) Americans with Disabilities Act; and

(3) Unruh Civil Rights Claim.

Plaintiff complains and alleges as follows:

## Introduction

1. Public accommodations pose an existential and immediate threat to the equality and equity in the public space. It is incontrovertible that public accommodations have engaged in, and continue to engage in, a widespread systemic segregation of the disabled.

2. By their relentless refusal to provide accessible accommodations, public accommodations cause unnecessary crowding of the dockets in the federal and state courts.

3. The offending public accommodations have been able to turn the tables to blame the disabled individuals for their own inequity and cast themselves as the new victim class.

## Parties

4. Plaintiff is a 69 year old senior citizen.

1

5. Plaintiff is disabled as defined in 42 U.S.C. §12102 and implementing regulations, 28 C.F.R. §38.105 by virtue of a missing right knee, spinal stenosis, long Covid 19 pulmonary embolism, pleurisy, arthritis, and carpal tunnel. The effects of the missing right knee, spinal stenosis and pulmonary embolism have been mitigated with a prosthetic knee, nerve blocking and medications, respectively.

6. A determination whether Plaintiff's episodic or remissive impairments substantially limit major life activities is a disability because they substantially limit Plaintiff's major life activity when active. 42 U.S.C. §1212(4)(D). A determination whether an impairment substantially limits Plaintiff's major life activities must be made without regard to the ameliorative effects of mitigating measures, such as those used by Plaintiff and listed in 42 U.S.C. §12102(4)(E)(i)(I).

7. Plaintiff's disabilities, individually and in combination, substantially limit major life activities of walking, entering doors, pushing, pulling, climbing stairs, reaching, grabbing, and other musculoskeletal endeavors requiring the use of a knee, spine, shoulders, elbows, hands or lungs.

8. Plaintiff's substantial limitations must be interpreted consistent with the findings and purposes of the ADA Amendment Act of 2008, 42 U.S.C. §12102(4)(A)&(B), that is, "[a]n impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity". 28 C.F.R. (d)(1) (v).

9. Plaintiff's impairments identified in ¶¶2-5 above are cumulatively defined as "Disability" requiring the use of a wheelchair.

10. Defendant State of California is a governmental entity with sovereign legislative rights who passed legislation designed to limit suits by disabled individuals.

11. Defendant Ross Stores, Inc. owns, leases or leases to a third party public accommodation under different names, including DD's Discounts and Ross Dress for Less located at various locations identified below ("Facility").

12. The Facility is a places of public accommodation.

### Jurisdiction And Venue

13. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, § 1343(a)(3) & (a)(4) and 13607.

14. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the Facility is located in this district.

## Facts

**A. Relating to Pre-Emption of Unruh Act's Heightened Special Procedural requirements Aimed at Limiting Suits by Disabled Individuals.**

15. Since the passage of the *Arroyo v. Rosas,* 19 F.4th 1202 (9th Cir. 2021) ("*Arroyo*") decision, the 9th Circuit District Courts generally dismiss supplemental Unruh Civil Rights Act ("Unruh") claims.

16. When the Unruh claim is dismissed, Plaintiff is required to refile the same claim in the California State Court that provides lesser and unequal substantive and procedural protections to Plaintiff than those provided by the ADA.

17. The purpose of Unruh's lesser and unequal substantive and procedural protections is to limit the practice by some *attorneys* who were abusing the Unruh Act by demanding "quick money settlement[s]" from California business owners "without seeking and obtaining actual repair or correction of the alleged violations on the site." Such " 'pay me now or pay me more' demands" were being "used to scare businesses into paying quick settlements that only financially enrich[ed] the attorney and claimant and d[id] not promote accessibility either for the claimant or the disability community as a whole." Act of Sept. 19, 2012, Ch. 383, § 24, 2012 Cal. Stat. 3843, 3871.

18. The purpose of Unruh's lesser and unequal substantive and procedural protections is to limit lawsuits by disabled individuals like Plaintiff.

19. The (un)foreseen effect of Unruh's lesser and unequal substantive and procedural protections was to limit Plaintiff as a pro se civil rights litigant to access California's State Courts through imposition of heightened and special procedural requirements.

20. The following historical and explanatory facts are taken from *Arroyo*:

    A. In 2012, the California Legislature enacted new provisions to address what it perceived to be abuse of the Unruh Act by "a very small number of plaintiffs' attorneys." Act of Sept. 19, 2012, Ch. 383, § 24, 2012 Cal. Stat. 3843, 3871. As the Legislature explained in the uncodified section of the amending statute that

3

explained its purpose, some *attorneys* were abusing the Unruh Act by demanding "quick money settlement[s]" from California business owners "without seeking and obtaining actual repair or correction of the alleged violations on the site." *Id.* Such " 'pay me now or pay me more' demands" were being "used to scare businesses into paying quick settlements that only financially enrich[ed] the attorney and claimant and d[id] not promote accessibility either for the claimant or the disability community as a whole." *Id.* 19 F.4th at 1207.

B. Accordingly, the Legislature added a new provision to the California Civil Code that, with respect to "construction-related accessibility claim[s]" under the Unruh Act and related state statutes, generally prohibited up-front requests for money in pre-litigation demand letters sent by attorneys to business owners. Cal. Civ. Code § 55.31(b). The Legislature also imposed heightened pleading requirements applicable only to such claims. Cal. Civ. Proc. Code § 425.50(a) (2013). Under these special pleading rules, a complaint must include: (1) an "explanation of the specific access barrier or barriers the individual encountered"; (2) the "way in which the barrier denied the individual full and equal use or access, or [the way] in which it deterred the individual, on each particular occasion"; and (3) the "date or dates of each particular occasion on which the claimant encountered the specific access barrier, or on which he or she was deterred." *Id.* Finally, "[a]ny complaint alleging a construction-related accessibility claim" must "be verified by the plaintiff." Id. § 425.50(b). *Id.*

C. In 2015, the Unruh was further amended to provide for new pleading requirements requiring any "construction related accessibility claim" (other than one alleging physical injury or property damage) that is filed by a plaintiff who is a "high-frequency litigant" must disclose: (1) that the plaintiff is a high-frequency litigant; (2) how many complaints the plaintiff has filed in the prior 12 months; (3) the reason the plaintiff was in "the geographic area of the defendant's business"; and (4) why the plaintiff "desired to access the defendant's business." Cal. Civ. Code § 425.50(a)(4)(A). A "high-frequency litigant" plaintiff was generally defined as a "plaintiff who has filed 10 or more complaints alleging a construction-related

4

accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction related accessibility violation." Id. § 425.55(b)(1). In addition, the Legislature imposed a $1,000 additional filing fee—over and above the ordinary civil filing fees—for each new case filed by a plaintiff who is a high-frequency litigant. Cal. Gov't Code § 70616.5. *Arroyo*, 19 F.4th at 1207.

   D. California's procedural scheme "imposed a set of special procedural limitations designed to balance its objectives of allowing monetary relief, avoiding undue burdens on businesses, and realigning undesirable incentives for plaintiffs." *Id.* 19 F.4th at 1213. Thus, Unruh provides a greater protection to the disabled persons by allowing damages, but a lesser and unequal protection by imposing "special procedural limitations" and by "realigning undesirable incentives."

21. Congress' objectives for passing the ADA are stated at 42 U.S.C. §12101(b)(1)-(3). ADA objectives include "a clear and **comprehensive national mandate** for the elimination of discrimination against individuals with disabilities," "clear, strong, **consistent,** enforceable **standards** addressing discrimination against individuals with disabilities," and "**Federal Government's …central role in enforcing [the ADA].**" (Emphasis added.)

22. 28 C.F.R. §36.103(c) provides that "[Part 36] does not invalidate or limit the remedies, rights, and procedures of any … State or local laws …that provide *greater or equal protection* for the rights of individuals with disabilities (Emphasis supplied). It states:

> **§36.103 Relationship to other laws.**
>
> (c) *Other laws.* This part does not invalidate or limit the remedies, rights, and procedures of any other Federal laws, or State or local laws (including State common law) that provide greater or equal protection for the rights of individuals with disabilities or individuals associated with them.

23. As a necessary corollary, Part 36 *does* invalidate the *rights, remedies* and *procedures* of Unruh laws that provide *lesser* or *unequal* protection for the rights of individuals with disabilities.

24. By virtue of Congress' declarations of purpose referenced above and the express pre-emption in 28 C.F.R. 36.103, Unruh's heightened and special procedures are expressly, field and conflict pre-empted by the ADA because they provide lesser and unequal substantive and procedural protections to Plaintiff and are, therefore, null and void.

**B. Relating to Facility's Violations of Accessibility Laws**

25. With respect to DD's Discounts on 3761 Ming Ave., Bakersfield, CA 93309 ("DD's on Ming") Plaintiff alleges:

26. Plaintiff visited DD's on Ming on March 18, 2022 with the intent to conduct business there and also to determine if the Defendant complies with the disability access laws. Plaintiff often visits the area where DD's on Ming is located.

27. DD's on Ming was not compliant with disability access laws in conformity with the ADA and Unruh as they relates to Plaintiff's Disability.

28. DD's on Ming was inaccessible in the following particulars:

   A. The service counter surface is not 36" long and is cluttered with merchandise and equipment[1]. This condition makes Plaintiff's use of the payment counter more difficult for Plaintiff to use. This condition violates accessibility standards at 904.4.1.

   B. Clear width of accessible routes was less than 36" between displays of merchandise. This condition makes it more difficult for Plaintiff to move between displays of merchandise. This condition violates accessibility standards at 403.5.1.

   C. The bathroom door requires the push-pull force greater than 5 lbs. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.2.

   D. The closing time at the bathroom door is not adjusted to allow for a 5 second closing time. This condition makes it more difficult for Plaintiff to navigate through the door. This condition violates accessibility standards at 404.2.8.1.

---

[1] See U.S. Dept. of Justice, *Maintaining Accessible Features in Retail Establishments* Checklist at 15. https://www.ada.gov/business/retail_access.htm

29. With respect to DD's located at 1505 White Lane, Bakersfield, CA 93307 ("DD's on White Lane"), Plaintiff alleges:
30. Plaintiff visited DD's on White Lane on March 18, 2022 with the intent to conduct business there and also to determine if the Defendant complies with the disability access laws. Plaintiff often visits the area where DD's on White Lane is located.
31. DD's on White Lane was not compliant with disability access laws in conformance with the ADA and Unruh as they relates to Plaintiff's Disability.
32. DD's on White Lane was inaccessible in the following particulars:
    A. Clear width of accessible routes was less than 36" between displays of merchandise. This condition makes it more difficult for Plaintiff to move between displays of merchandise. This condition violates accessibility standards at 403.5.1.
    B. The bathroom door requires the push-pull force greater than 5 lbs. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.2.
33. With respect to Ross Dress for Less on 5253 Gosford Rd., Bakersfield, CA 93313 ("Ross on Gosford"), Plaintiff alleges:
34. Plaintiff visited Ross on Gosford March 18, 2022 with the intent to conduct business there and also to determine if the Defendant complies with the disability access laws. Plaintiff often visits the area where Ross on Gosford is located.
35. Ross on Gosford was not compliant with disability access laws in conformity with the ADA and Unruh as they relates to Plaintiff's Disability.
36. Ross on Gosford was inaccessible in the following particulars:
    A. Clear width of accessible routes was less than 36" between displays of merchandise. This condition makes it more difficult for Plaintiff to move between displays of merchandise. This condition violates accessibility standards at 403.5.1.
    B. The bathroom door requires the push-pull force greater than 5 lbs. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.2.

37. With respect to Ross Dress for Less on 3761 Ming Ave., Bakersfield, CA 93309 ("Ross on Ming") Plaintiff alleges:
38. Plaintiff visited Ross on Ming on March 18, 2022 with the intent to conduct business there and also to determine if the Defendant complies with the disability access laws. Plaintiff often visits the area where Ross on Ming is located.
39. Ross on Ming was not compliant with disability access laws in conformance with the ADA and Unruh as they relates to Plaintiff's Disability.
40. Ross on Ming was inaccessible in the following particulars:
    A. The service counter surface is not 36" long and is cluttered with merchandise and equipment[2]. This condition makes Plaintiff's use of the payment counter more difficult for Plaintiff to use. This condition violates accessibility standards at 904.4.1.
    B. Clear width of accessible routes was less than 36" between displays of merchandise. This condition makes it more difficult for Plaintiff to move between displays of merchandise. This condition violates accessibility standards at 403.5.1.
    C. The operable part of the bathroom door requires the twisting of the wrist to operate. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4
    D. The bathroom door requires the push-pull force greater than 5 lbs. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.2.
41. With respect to DD's Discounts at 528 East Danenberg Dr., El Centro, CA 92243 ("DD's on Danenberg"), Plaintiff alleges:
42. Plaintiff visited DD's on Danenberg on April 26, 2022 with the intent to conduct business there and also to determine if the Defendant complies with the disability access laws. Plaintiff often visits the area where DD's on Danenberg is located.

---

[2] See U.S. Dept. of Justice, *Maintaining Accessible Features in Retail Establishments* Checklist at 15. https://www.ada.gov/business/retail_access.htm

43. DD's on Danenberg was not compliant with disability access laws in conformity with the ADA and Unruh as they relates to Plaintiff's Disability.
44. DD's on Danenberg was inaccessible in the following particulars:
    A. Clear width of accessible routes was less than 36" between displays of merchandise and in the hallway leading to the restroom. This condition makes it more difficult for Plaintiff to move between displays of merchandise. This condition violates accessibility standards at 403.5.1.
    B. The operable part of the bathroom door requires the twisting of the wrist to operate. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4
    C. The bathroom door requires the push-pull force greater than 5 lbs. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.2.
    D. The closing time of the bathroom door is not adjusted to allow for a 5 second closing time. This condition makes it more difficult for Plaintiff to navigate through the door. This condition violates accessibility standards at 404.2.8.1.
45. With respect to Ross Dress for Less located at 576 E. Danenberg Dr, El Centro, CA 92243 ("Ross on Danenberg") Plaintiff alleges:
46. Plaintiff visited Ross on Danenberg on April 26, 2022 with the intent to conduct business there and also to determine if the Defendant complies with the disability access laws. Plaintiff often visits the area where Ross on Danenberg is located.
47. Ross on Danenberg was not compliant with disability access laws in conformity with the ADA and Unruh as they relates to Plaintiff's Disability.
48. Ross on Danenberg was inaccessible in the following particulars:
    A. The service counter surface is not 36" long and is cluttered with merchandise and equipment[3]. This condition makes Plaintiff's use of the payment counter more difficult for Plaintiff to use. This condition violates accessibility standards at 904.4.1.

---

[3] See U.S. Dept. of Justice, *Maintaining Accessible Features in Retail Establishments* Checklist at 15. https://www.ada.gov/business/retail_access.htm

B. Clear width of accessible routes was less than 36" between displays of merchandise and in the hallway leading to the restroom. This condition makes it more difficult for Plaintiff to move between displays of merchandise. This condition violates accessibility standards at 403.5.1.

C. The operable part of the bathroom door requires the twisting of the wrist to operate. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4

D. The closing time at the bathroom door is not adjusted to allow for a 5 second closing time. This condition makes it more difficult for Plaintiff to navigate through the door. This condition violates accessibility standards at 404.2.8.1.

49. These barriers relate to Plaintiff's Disability and interfere with his full and equal enjoyment of the Facilities because the barriers make it more difficult for Plaintiff to access the goods and services at the Facilities.

50. The remediation of the barriers identified above is readily achievable.

51. Plaintiff will return to the Facilities to conduct business there only once he has been assured that the Facilities are accessible. Plaintiff is currently deterred from doing so because of the existing barriers.

52. If the barriers are not removed, Plaintiff will face unlawful and discriminatory barriers again.

### Count One
### Declaratory Relief: Pre-Emption

53. Plaintiff incorporates allegations elsewhere in this Verified Complaint.

54. There are three ways in which preemption occurs. First, preemption occurs through an express act of Congress. *Arizona v. United States*, 567 U.S. 387, 399 (2012). Second, preemption occurs where Congress intends to occupy and govern a particular field or subject matter. *Id.* Finally, preemption occurs where state and federal laws conflict; "[t]his includes cases where compliance with both federal and state regulations is a physical impossibility, and . . . where the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* (internal citations and marks omitted).

55. No matter "the type of preemption involved—express field, or conflict—'[t]he purpose of Congress is the ultimate touchstone of pre-emption analysis.'" *Nat'l Fed'n of the Blind v. United Airlines Inc.,* 813 F.3d 718, 724 (9th Cir. 2016) 3 (citing *Cipollone v. Liggett Grp., Inc.,* 505 U.S. 504, 516 (1992)). In "determining [ADA's] preemptive scope, [the court is] bound by a long line of precedent that requires [it], among other things, to consider Congresses' pre-emption-related objectives in enacting [preempting legislation]. *Cal. Trucking Ass'n v. Bonta,* 996 F.3d 644 at 654 (citation and internal marks omitted).

56. Congress' objectives for passing the ADA are stated at 42 U.S.C. §12101(b)(1)-(3). These objectives include "a clear and **comprehensive national mandate** for the elimination of discrimination against individuals with disabilities", "clear, strong, **consistent,** enforceable **standards** addressing discrimination against individuals with disabilities", and "**Federal Government's …central role in enforcing [the ADA]**". (Emphasis added.)

57. Unruh's "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals]." *Arroyo.*

58. 28 C.F.R. 36.103 invalidate the *rights, remedies* and *procedures* of Unruh laws that provide *lesser* or *unequal* protection for the rights of individuals with disabilities.

59. Unruh's "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals]" are expressly, field and conflict preempted by the ADA.

<u>**Count Two – Violation Of The ADA**</u>
(42 U.S.C. section 12101, et seq.)

60. Plaintiff incorporates all allegations contained elsewhere in this Verified Complaint.

61. 42 U.S.C. §12182(a) provides that Plaintiff has a legal right to not be discriminated on the basis of his disabilities in the full and equal enjoyment of goods, services, facilities, privileges, advantages and accommodations of any place of public accommodation. 42 U.S.C. §12182 (b)(1)(D)(i) further provides that a public accommodation is prohibited from utilizing standards, criteria or methods of administration that have the effect of discriminating on the basis of Plaintiff's disabilities.

62. 42 U.S.C. § 12182(a) provides that it is an act of discrimination by a person or entity who owns, leases, or operates a public accommodation to fail to provide accessible public accommodations

63. Discrimination is defined, inter alia, as a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii) and/or as a failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

64. Defendant practices a systemic segregation of the disabled.

### Count Three - Violation Of The Unruh Act
(Cal. Civ. Code § 51-53.)

65. Plaintiff incorporates all allegations contained elsewhere in this Verified Complaint.

66. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b). Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

67. Defendants' Facilities violated the Unruh Act by denying Plaintiff's rights to full and equal use of the Facilities.

68. Defendant's violation of the Unruh Act makes Defendant responsible for statutory civil penalty. (Civ. Code § 55.56(a)-(c).)

### Prayer for Relief

69. Plaintiff prays for relief as follows:

   A. For injunctive relief compelling Defendant to comply with the Americans with Disabilities Act and the Unruh Act.

B. For injunctive relief compelling Defendant to make reasonable modifications in its policies, practices, or procedures to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

C. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each encounter with barriers.

D. A declaration that Unruh's "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals]" are expressly, field and conflict preempted by the ADA as they relate to Plaintiff under the particular circumstances and allegations in this Verified Complaint.; and

E. A declaration that Unruh's "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals]" violate Plaintiff's constitutional rights of equal protection, equal access and due process as they relate to Plaintiff under the circumstances of the particular allegations in this Verified Complaint.

F. A declaration that Unruh's "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals]" constitute unconstitutional and illegal class discrimination based on wealth as they relate to Plaintiff under the circumstances of the particular allegations in this Verified Complaint.

G. For all other relief to which Plaintiff is entitled.

H. For costs of suit and litigation expenses pursuant to 42 U.S.C. §12205.

I. For such other and further relief as Plaintiff may be entitled to.

### Request For Trial By Jury

Plaintiff requests a trial by a jury for jury triable issues.

### Verification

Plaintiff verifies under the penalty of perjury that the above statements of fact are true and correct to the best of his knowledge, information, memory or belief.

DATED this May 2, 2022.

*/s/ Peter Strojnik*
Peter Strojnik