| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>Philip H. STILLMAN, Bar No. 152861<br>STILLMAN & ASSOCIATES<br>3015 N Bay Rd., Suite B<br>Miami Beach, FL 33140<br>pstillman@stillmanassociates.com<br><br>ATTORNEY FOR LIEN CLAIMANT:  Philip H. Stillman | TELEPHONE NO.:<br>(888) 235-4279 | FOR COURT USE ONLY |
|---|---|---|
| NAME OF COURT:  U.S. District Court for the Eastern District of California<br>STREET ADDRESS: 2500 Tulare Street, Room 1501<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Fresno, CA 93721<br>BRANCH NAME: ROBERT E. COYLE FEDERAL COURTHOUSE | | |
| PLAINTIFF: Peter Strojnik<br>DEFENDANT: Ross Stores, Inc. | | |
| **NOTICE OF LIEN**<br>(Attachment—Enforcement of Judgment) | CASE NUMBER:<br>1:22-cv-00533-DAD-BAK | |

ALL PARTIES IN THIS ACTION ARE NOTIFIED THAT

1. A lien is created by this notice under
   a. [ ] Article 3 (commencing with section 491.410) of Chapter 11 of Title 6.5 of Part 2 of the Code of Civil Procedure.
   b. [x] Article 5 (commencing with section 708.410) of Chapter 6 of Title 9 of Part 2 of the Code of Civil Procedure.
2. The lien is based on a
   a. [ ] right to attach order and an order permitting the creation of a lien (copies attached).
   b. [x] money judgment.
3. The right to attach order or the money judgment is entered in the following action:
   a. Title of court *(specify)*: U.S. District Court for the Southern District of California
   b. Name of case *(specify)*: Peter Strojnik Sr. v. Village 1107 Coronado, Inc
   c. Number of case *(specify)*: 19-cv-2210 BAS MSB
   d. [x] Date of entry of judgment *(specify)*: January 25, 2021 (Certified Judgment attached hereto)
   e. [ ] Dates of renewal of judgment *(specify)*:

4. The name and address of the judgment creditor or person who obtained the right to attach order are *(specify)*:
   Philip H. Stillman, 3015 N. Bay Rd., Suite B, Miami Beach, Florida 33140

5. The name and last known address of the judgment debtor or person whose property is subject to the right to attach order are *(specify)*:
   Peter Strojnik, 7847 N. Central Avenue, Phoenix, Arizona 8502

6. The amount required to satisfy the judgment creditor's money judgment or to secure the amount to be secured by the attachment at the time this notice of lien is filed is
   $ 20,545.00

7. The lien created by this notice attaches to any cause of action of the person named in item 5 that is the subject of this action or proceeding and to that person's rights to money or property under any judgment subsequently procured in this action or proceeding.

8. No compromise, dismissal, settlement, or satisfaction of this action or proceeding or any of the rights of the person named in item 5 to money or property under any judgment procured in this action or proceeding may be entered into by or on behalf of that person, and that person may not enforce any rights to money or property under any judgment procured in this action or proceeding by a writ or otherwise, unless one of the following requirements is satisfied:
   a. the prior approval by order of the court in this action or proceeding has been obtained;
   b. the written consent of the person named in item 4 has been obtained or that person has released the lien; or
   c. the money judgment of the person named in item 4 has been satisfied.

**NOTICE** The person named in item 5 may claim an exemption for all or any portion of the money or property within 30 days after receiving notice of the creation of the lien. The exemption is waived if it is not claimed in time.

Per CCP 708.410, judgment creditor states that this Notice is being filed on May 5, 2022

Date: May 5, 2022

Philip H. Stillman
*(TYPE OR PRINT NAME)*                                                                 ▶ /s/ Philip H. Stillman
                                                                                                  *(SIGNATURE OF LIEN CLAIMANT OR ATTORNEY)*

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR.,<br><br>         Plaintiff,<br><br> v.<br><br>1017 CORONADO, INC.,<br><br>         Defendant. | Case No. 19-cv-02210-BAS-MSB<br><br>**FINAL JUDGMENT** |

   On June 16, 2020, this Court entered an order dismissing Plaintiff's ADA claims with prejudice and declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (ECF No. 15.) Defendant, as the prevailing party, then moved for attorney's fees or, alternatively, sanctions. (ECF No. 17.) On January 12, 2021, this Court granted Defendant's Motion for Attorney's Fees in the amount of $21,995.00. (ECF No. 22.) Defendant has now filed a proposed judgment for this amount plus post-judgment interest accruing at the California Judgment Rate set forth in California Code of Civil Procedure § 685.010 and costs of collection. (ECF No. 24.)

   Defendant cites to the incorrect jurisdiction's statute for post-judgment interest. "[T]he post-judgment interest rate under 28 U.S.C. § 1961 applies to all federal court actions irrespective of the basis of the court's jurisdiction over the case." *Steinweden v. L & M Const. LLP*, No. CV 04-137 M-DWMJCL, 2009 WL 361735, at *3 (D. Mont. Feb. 4, 2009) (citing *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 55 (2nd Cir. 1998)); *see also*

*The Guides, Ltd. v. The Yarmouth Group Property Management, Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002) (noting that "a federal rate of interest rather than the state rate applies where jurisdiction is based on a federal question").

Under federal law, the award of post-judgment interest on a district court judgment is mandatory. *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013) (citing 28 U.S.C. § 1961). A "judgment" for purposes of § 1961 means a "final, appealable order." *Dishman v. UNUM Life Ins. Co. of America*, 269 F.3d 974, 990–991 (9th Cir. 2001). "Post-judgment interest applies to the entire judgment, including the principal sum, prejudgment interest, attorneys' fees, and costs." *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995). It is calculated "from the date of the entry of judgment" at a rate "equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors to the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a); *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990). The interest is computed daily from the date of judgment to the date of payment and compounded annually. 28 U.S.C. § 1961(b). Defendant is therefore entitled to post-judgment interest running from the date of entry of judgment, January 12, 2021, up until the date of payment, at an interest rate of 0.104%.[1]

Defendant also asks for costs associated with collection, but cites no authority for an award of anticipated collection costs. The Court therefore denies this request because Defendant has not shown that "the substantive law [does not] require[ ] those fees [and expenses] to be proved at trial as a separate element of damages." *See* Fed. R. Civ. P. 54(d)(2) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."); *see also ACF 2006 Corp v. Maki*, No. CV 18-9654-DMG (JCx), 2019 WL 3852491, at *4 n.9 (C.D. Cal. May 13, 2019).

---

[1] This rate was calculated using the data provided by the United States Treasury for the week of January 4, 2021. *See* Daily Treasury Yield Curve Rates, https://www.treasury.gov/resource-center/data-chart-center/interest-rates/pages/textview.aspx?data=yield (accessed on Jan. 22, 2021).

1     Therefore, pursuant to this Court's Order Granting Attorney's Fees, **JUDGMENT IS HEREBY ENTERED** in favor of Philip H. Stillman, attorney for Defendant Village 1107 Coronado, Inc. and against plaintiff Peter Strojnik, Sr., in the amount of $21,995.00, together with post-judgment interest accruing at 0.104% running from January 12, 2021 until the date of payment.

    **IT IS SO ORDERED.**

**DATED: January 25, 2021**

Hon. Cynthia Bashant
United States District Judge

I hereby attest and certify on **Jan 26, 2021** that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: **s/ Burnett Anderson**
    Deputy

## PROOF OF SERVICE

    I, the undersigned, certify under penalty of perjury that on May 5, 2022 or as soon as possible thereafter, copies of the foregoing NOTICE OF LIEN was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and by U.S. Mail to the judgment debtor at:

Peter Strojnik, Sr.
7847 N. Central Ave.
Phoenix, AZ 85020

                                            By: /s/ *Philip H. Stillman*